Raymond J. Tittmann, No. 191298
raymond.tittmann@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
401 Wilshire Blvd, 12th Floor Penthouse,
Santa Monica CA 90401
Telephone: 310-496-4553
Facsimile: 510.628.2146

Jodi K. Swick No. 228634
Jodi.swick@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
1 Kaiser Plaza, Suite 1010
Oakland, CA 94612
Telephone: 510.628.2145
Facsimile: 510.628.2146

Thomas F.A. Hetherington TX Bar No. 24007359
tom.hetherington@emhllp.com
Blaire B. Johnson TX Bar No. 24064968
blaire.johnson@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, TX 77027
Tel: 713.337.5580
Fax: 713.337.8850

Attorneys for Defendant
BOSTON MUTUAL LIFE INSURANCE COMPANY

FILED
CLERK, U.S. DISTRICT COURT
OCT 14 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FLOCH, <br><br> Plaintiff, <br><br> v. <br><br> BOSTON MUTUAL LIFE INSURANCE COMPANY; PINNACLE CARE INTERNATIONAL, LLC, EMPLOYEE BENEFIT PLAN and DOES 1 THROUGH 10; <br><br> Defendants. | Case No. 2:15-cv-01973-ODW(PJWx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Hon. Otis D. Wright <br><br> *This Protective Order does not authorize the parties to file documents under seal. Local Rule 79-5 governs such filings.* [handwritten initials] |

The parties recognize that during the course of this litigation ("Litigation") they may be requested to produce or disclose certain documents, or to provide testimony containing confidential, proprietary, commercial, financial, non-public and/or protected

health information. The parties wish to ensure that confidential, proprietary, commercial, financial, non-public and/or protected health information is appropriately protected during the course of these proceedings.

Accordingly, through their respective undersigned counsel, the parties have stipulated that the Court enter the following Protective Order.

**IT IS HEREBY STIPULATED THAT:**

1. This Order applies to all documents, information and discovery material containing confidential, proprietary, commercial financial, non-public and/or protected health information including deposition, testimony, admissions and answers to interrogatories, given or taken in this action.

2. All information provided or produced by a party to this Litigation (the "Producing Party") which is identified with the word "Confidential" shall be treated as "Confidential Information."

    (a) The Producing Party may identify any document(s) as Confidential Information by stamping such document(s) with the word "Confidential." In the alternative, the Producing Party may identify any document(s) as Confidential Information by designating certain produced bates ranges as Confidential in writing to all other parties. The failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Producing Party may so designate a document promptly after such document has been produced, with the effect that such document is subject to the protections of this Stipulated Protective Order.

    (b) A party may, at the time of the deposition, designate the entire testimony as "Confidential Information" in which case the other party shall treat the testimony as such for a period of thirty (30) days after receipt of the transcript. Within thirty (30) days of the receipt of the deposition transcript, the designating party shall identify that deposition testimony which is to be treated as Confidential Information by stamping only such pages of the transcript as are to be treated as Confidential Information and serving the designated transcript on all parties. Pages not so stamped and served will

not be treated as Confidential Information. Confidential Information shall be used by any party receiving such information only for the purpose of this Litigation.

(c) Additionally, certain Confidential Information may be non-public and/or Protected Health Information ("PHI") as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated there under. Subject to the rules of procedure governing this action and without prejudice to any objection made by any party except as otherwise provided herein, the parties are authorized to disclose to each other PHI relevant to any claim at issue in this Litigation, subject to all terms of this Order.

(d) Except upon order of the Court or with the prior written consent of the Producing Party, Confidential Information shall not be directly or indirectly disclosed to any person other than:

1. Legal counsel representing the parties to this case, and members of their law firms, including any law clerk, paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

2. Court reporters who take and transcribe testimony, as well as necessary secretarial and clerical assistants;

3. Experts specially retained by attorneys in this litigation (including consulting or testifying experts) only if such persons agree in writing to be bound by the terms of this Order by signing a copy of Exhibit "A" attached hereto;

4. A party, such party's in-house legal counsel, or current or former officer(s), director(s), or employee(s) of a party deemed necessary by counsel to aid in the presentation, defense, or settlement of this action (or related litigation);

5. A witness at any deposition or other proceeding in this action and their counsel;

6. Any mediator retained by the parties in an effort to mediate and/or

settle the claims in this action;

7. Any insurance company that might provide coverage for all or any part of any judgment rendered in this action, as well as such insurance company's in-house legal counsel, or an officer, director, or employee of such insurance company deemed necessary by such insurance company to assist in the evaluation or settlement of this action.

3. The designation of "Confidential" upon any document pursuant to this Order shall not constitute a ruling upon any claim of privilege, nor a ruling that such document necessarily is entitled to the protection that may be accorded under the terms of this Order. If a party shall, at any time, conclude that a particular document or a portion thereof should not be treated as Confidential Information, it shall so notify all other parties. If the parties are unable to reach agreement regarding the status of the document and the protection to be afforded, the party contesting the claim of confidentiality shall continue to treat the documents as originally designated according to the terms of this Order until that party has presented the matter to the Court and the Court rules upon the status to be afforded the document. In the event of a challenge to the Confidential treatment of a particular document, the party making the designation shall carry the burden of establishing that the document is entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

4. All documents of any nature, including briefs that have been designated as "Confidential" and that are filed with the Court, shall be filed under seal in accordance with applicable local rules. All documents so filed shall be released from confidential treatment only as provided by further order of the Court.

5. Any party to the Litigation who objects to the continued restriction on public access to any document filed under seal shall give written notice of his or her objection to the Producing Party. To the extent that the Producing Party seeks to continue the restriction on public access to documents filed with the Court, that party shall file an application with the Court for a judicial determination as to whether good cause exists for

continued restricted access to the document.

6. Any party may seek to introduce into evidence at trial any document which has been designated as Confidential. The Producing Party may request the Court to maintain the confidentiality of such information at trial. Within thirty (30) days after receipt of written notice of the final disposition of this lawsuit, whether by judgment and exhaustion of all appeals or by voluntary dismissal, the Producing Party or its counsel may withdraw all documents designated Confidential which have been filed or lodged with the Court in any manner. If such documents are not withdrawn by the Producing Party or its counsel within the time period stated above they will become part of the permanent public file of the proceedings or such documents may be destroyed.

7. Within thirty (30) days after receipt of written notice of the final disposition of this Litigation, whether by judgment and exhaustion of all appeals, or by voluntary dismissal, any party who has received documents designated Confidential shall either return all such documents to the Producing Party or provide to counsel for the Producing Party a written certification that all such documents have been destroyed.

8. Any waiver under this Protective Order must be made in writing or, if at a deposition or in Court, on the record. Any waiver, unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Protective Order.

9. Nothing herein shall preclude a receiving party from using documents designated as "confidential" which:

(a) are or become available to the public other than through breach of this Order by the receiving party; or

(b) are or become otherwise lawfully available to the receiving party without restriction from a third party.

10. If a party in possession of Confidential Information receives a subpoena or other compulsory process from a non-party to this Stipulated Protective Order seeking production or other disclosure of such Confidential Information, that party shall give

written and telephone notice to counsel for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process; such notice shall identify the Confidential Information sought and enclose a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Information called for prior to receiving a court order or the consent of the Producing Party. In the event that such Discovery Material containing Confidential Information is produced to the non-party, such material shall still be treated by the parties to this action in accordance with the designation as Confidential by the parties to this Stipulated Protective Order.

11. Inadvertent failure to designate materials as Confidential Information at the time of production may be supplemented by written notice given by the producing party. Upon receipt of such notification, all documents, materials, or testimony so designated shall be fully subject to this Stipulation and Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation. Notwithstanding the foregoing, no party may designate materials under the Stipulation and Order later than 90 days after the materials were produced to an opposing party pursuant to this Stipulation and Order.

12. In the event a Producing Party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The Producing Party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; however, if any person subject to this Stipulation and Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

13. In the event that a Producing Party inadvertently produces to any other party any materials that are privileged or otherwise immune from discovery, in whole or in part, pursuant to the attorney-client privilege, work product doctrine, or other applicable privilege, such privileged materials may be retrieved by the Producing Party by giving written notice to all parties to whom the Producing Party inadvertently provided copies of the produced privileged materials of the claim of privilege and the identity of the documents inadvertently produced. This notice must be provided within thirty (30) business days of the date on which the Producing Party becomes aware of the inadvertent production. Upon receipt of such notice, all parties or other persons who have received a copy of the inadvertently produced materials shall promptly return any and all copies of those materials to the Producing Party. The terms of this paragraph shall not be deemed a waiver of a party's right to challenge the Producing Party's designation of materials as privileged (provided, however, that any such challenge to the designation may only be made following the return of such identified documents to the Producing Party), nor shall such inadvertent production of any material that is subsequently retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted. No party shall use any inadvertently produced privileged materials, or information gleaned from any inadvertently produced privileged materials, in connection with this Litigation or any related actions. Any party returning material to a Producing Party pursuant to this paragraph may then move the Court for an Order compelling production of the material, but said motion shall not assert as ground for entering such an Order that the Producing Party waived any privilege because of the inadvertent production.

14. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" or "Confidential – Attorneys' Eyes Only," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the

Court and all correspondence generated in connection with the action.

15. The terms and provisions of this Protective Order are subject to modification, extension or limitation as may be hereafter agreed upon by the parties in writing or by order of this Court.

16. Neither the approval of the form of this Protective Order or the execution of the Protective Order by the Court shall operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein or for any other purpose, nor shall it be interpreted as a waiver of any party's rights to seek modification from the Court of any or all provisions of this Protective Order.

17. In the event additional parties join or are joined in this action, they shall not have access to confidential information until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by and comply with all terms of this Protective Order. This Protective Order shall also apply to documents or other information produced or provided in this case by any non-party which agrees in writing to be bound by and comply with all terms of this Protective Order.

SIGNED this 14 day of October, 2015.

*Patrick J. Walsh*
HONORABLE PATRICK J. WALSH

STIPULATED AND AGREED TO:

Dated: October 13, 2015          DONAHUE AND HORROW LLP


By: /s/ *Michael B. Horrow*
      Michael B Horrow

ATTORNEYS FOR PLAINTIFF
ELIZABETH FLOCH

EDISON, McDOWELL & HETHERINGTON LLP


By: /s/ *Blaire B. Johnson*
    Raymond J. Tittmann
    Jodi K. Swick
    Thomas F.A. Hetherington
    Blaire A. Johnson


ATTORNEYS FOR DEFENDANT
BOSTON MUTUAL LIFE INSURANCE
COMPANY

# EXHIBIT A

## AFFIDAVIT

STATE OF _____ )
COUNTY OF _____ )

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, _____, who states under oath as follows:

1) My name is _____. I am over the age of twenty-one (21) and I am competent to testify and have personal knowledge of the matters set forth herein.

2) I have read the Stipulated Protective Order (the "Protective Order"), in action C.A. No. 2:15-cv-01973-ODW-PJW styled *Elizabeth Floch v. Boston Mutual Life insurance Company, et al.*, in the United States District Court for the Central District of California (the "Litigation"), a copy of which is attached to this Affidavit.

3) I have been informed by _____, counsel for _____ that materials being shown or provided to me, as described in the list attached to this Affidavit, contain information that has been designated Confidential Information, as defined in the Protective Order.

4) I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I further represent that I will not use any Confidential Information for any purpose other than the Litigation, and that, at the termination of the Litigation, I will return all Confidential Information with which I have been provided to the counsel from whom I received such Confidential Information.

5) I will abide by the terms of the Protective Order.

6) For the purposes of enforcing the terms of the Protective Order, I hereby submit to the jurisdiction of the court in the Litigation.

FURTHER AFFIANT SAYETH NOT.

DATED: _____

By_____


I, _____, a Notary Public in and for said County in said State, hereby certify that _____, whose name is signed to the foregoing AFFIDAVIT and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he/she executed the same voluntarily on the day the same bears date.

Given under my hand and seal, this _____ day of _____, 2015.

_____
NOTARY PUBLIC

[SEAL]

My Commission Expires:_____